Todd L. Moody (5430)
Richard L. Doxey (9005)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Tel. (702) 385-2500
Fax (702) 385-2086
rdoxey@hutchlegal.com

*Attorneys for Creditors*
*Resort Holdings 3, LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | ) CASE NO.: 14-10723-abl |
|---|---|
|  | ) CHAPTER 11 |
| REZA ATHARI and FATANEH R. ATHARI | ) |
|  | ) Date: July 23, 2014 |
| Debtors. | ) Time: 1:30 p.m. |
|  | ) |

**OPPOSITION TO MOTION TO PERMIT DEBTORS TO MODIFY BOULDER DAM**

**CREDIT UNION LOANS**

Resort Holdings 3, LLC ("Creditor"), by and through counsel Hutchison & Steffen, LLC, opposes Debtors' motion to permit Debtors to modify loans with Boulder City Credit Union Dam. The Court should deny the motion because: 1) the Debtors' proposed expenses are not reasonable and necessary ordinary course living expenses; 2) the Debtors' budget reflected on Schedule J does not indicate that Debtors can comply with the proposed modifications; and 3) the Debtors' expenses should comport with the IRS Local Standards; 4) Debtors' motion contains no authorities permitting it to modify the loans; and 5) there is no declaration or evidence supporting the motion. The opposition is based upon the pleadings and records on file herein, the attached memorandum of points and authorities, and any oral argument

/ / / /

/ / / /

/ / / /

requested by this honorable court.

DATED this ____ day of July, 2014.

HUTCHISON & STEFFEN, LLC

_____
Todd L. Moody (5430)
Richard L. Doxey (9005)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

*Attorneys for Creditors
Resort Holdings 3, LLC*

## I.   Introduction

Debtors' motion is a disguised attempt to continue living in a overly-leveraged $1.4 million dollar estate and to maintain their luxury vehicle at the expense of their creditors. The Debtors have failed to identify why the proposed loan modifications yield reasonable and necessary ordinary course living expenses. The Debtors' Schedule I and J do not support the Debtors being able to sustain the proposed loan modifications and such expenditures exceed the IRS Local Standards. Debtors have provided no evidence supporting the Motion and cite to no legal authority permitting it to modify the loans as requested.  Accordingly, Creditor is requests the proposed loan modification be denied.

## II.   Statement of Facts

1. Debtor filed Chapter 11 bankruptcy on February 3, 2014. *See Docket No. 1.*
2. Debtors filed amended schedules wherein they list $17,200 of monthly income and $20,103 in projected monthly expenses. *See Docket Nos. 45, Schedules I and J.*
3. Among the real property assets scheduled on Schedule A are:
   a. 4395 Pama Lane, Las Vegas, Nevada valued at $1.4 Million with debt of $1,458,838.00 ("Pama Property"). Schedule A lists this property as a residence.
   b. 3365 Pepper Lane, Las Vegas, Nevada 89120 valued at $1.2 Million with a debt of $1,819,494.00. ("Pepper Property")

*See Docket No. 45, Schedule A.*

4. Debtors' Schedule J reflects a rent or mortgage payment of $11,964.00. *See Docket No. 45, Schedule J.*

5. Debtors' Schedule J does not identify real estate monthly payments consistent with those represented in the Motion to Permit Debtors to Modify Loans With Boulder Dam Credit Union ("Motion").

6. Under Debtors' proposed modified real estate loans, the monthly expenses would be $21,713, which exceeds Debtor's monthly income. *See Motion, p. 2-3 compared with Docket No. 45, Schedule I.*

7. Debtors' Motion also represents that the Pepper Property generates income, however no such income is identified on Schedule I. *See Motion p. 2, ¶ 6 and Docket No. 54, Schedule I.*

8. Debtors' Motion also attempts to permit Debtors to keep a Mercedes Benz with a principal loan amount of $44,746. *See Motion p. 3.* Debtors' Schedule D lists the value of the Mercedes Benz at $29,500. Debtors' proposed loan modification is proposing to pay $15,000 above the Debtors' value of the luxury vehicle to an under secured creditor.

### III. Legal Argument

#### A. The Proposed Modification Expenses Are Not Ordinary Course Living Expenses

Debtors' Motion is an attempt to have this Court approve expenditures to permit the Debtor to maintain a lavish lifestyle to the detriment of creditors. While the Debtors artfully present the Motion as cost saving motion, the expenditures sought to be approved are not ordinary course living expenses and should not be approved. Prior to the enactment of the Bankruptcy Abuse and Consumer Protection Act ("BACPA"), individual chapter 11 debtors were generally permitted to pay expenses from their post-petition income, which was not property of the estate. *See In re Goldsten*, 383 B.R. 496, 498 (Bankr. C.D. Cal. 2007). However, 11 U.S.C. § 1115 no longer allows individual Chapter 11 debtors to pay expenses with post-petition income because post-petition income from personal services is property of

- 3 -

the estate. See *In re Villalobos* 2011 WL 4485793, 8 (9th Cir.BAP (Nev. (9th Cir. BAP (Nev.),2011). A debtor now is required to seek permission from the bankruptcy court to pay ordinary course living expenses. *Id.* Paying personal expenses from property of the estate raises issues regarding "the resulting diminution of estate assets" and the categorization of those expenses as either "actual, necessary expenses under" § 503(b)(1) or ordinary course of business expenses under § 363. *Id.* at 8 (citations omitted). These issues also must be viewed in the context of a Chapter 11 debtor's fiduciary duties of care and loyalty to the estate's creditors. See generally 1 Collier on Bankruptcy, ¶ 1107.02[4], ¶ 1108.04 and ¶ 1108.09[2, 3] (Alan N. Resnic and Henry J. Sommer, eds., 16th ed. 2012). In this case, the Debtors have failed to obtain approval for the use property of the estate to pay expenses with post-petition income. Debtors appear to have continued to maintain their lavish lifestyle to the detriment of the creditors and now seeks this Court ratify their breach of duties under the guise of a cost saving motion. The expenditures proposed by the Debtors are not ordinary course living expenses and should not be approved.

The issue Debtors are trying to get approved by the Court is a confirmation issue. Section 1129(a)(15)(B) incorporates the "disposable income" test utilized in a chapter 13 bankruptcy cases. Section 1129(a)(15) provides:

> (15) In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—
>
> (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325 (b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

Under a proposed plan, assuming the plan would not pay all unsecured claims in full to comply with Section 1129(a)(15)(A), Debtors will have to devote all their projected disposable income to unsecured creditors to comply with Section 1129(a)(15). See also *In re Villalobos* 2014 WL 930495, 13 (9th Cir.BAP (Nev. (9th Cir.BAP (Nev.),2014). Section 1325(b)(2) provides in

pertinent part that "....the term 'disposable income' means current monthly income received by the debtor ... less amounts reasonably necessary to be expended-(A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed." In determining whether the amounts proposed by a debtor are reasonably necessary to be expanded, Section 1325(b)(3) incorporates the means test under Section 707(b)(2).

Debtors proposed modifications do not fall within the "ordinary" living expenses reasonably necessary to be expended. Debtor is proposing to pay $21,713 in monthly real estate payments yet the income does not support the Debtors' ability to make such payments. Further, the general rule is that payment for luxury property is not necessary for the maintenance or support of the debtor. *See In re Scott*, 142 B.R. 126, 133 (Bankr. E.D. Va 1992); See also *In re Kasun*, 186 B.R. 62 (Bankr. E.D. Va 1995) (holding that a monthly payment of $600 for a boat was not reasonable). Here, the Debtors do not need a $1.4 million dollar residence that has no equity. *See Docket No. 45, Schedule D.* Further, Debtors do not need a $1.2 Million dollar property that also has no equity. *See Docket No. 45, Schedule D.* The Debtors have a household of two. *See Docket No. 45, Schedule I.* Debtors have presented no reason why they need to maintain a $1.4 million dollar residence for their household of two. The utilities that are necessary to support a $1.4 million dollar residence cause unnecessary expenses that would not be needed if the Debtors would live in a reasonable property.[1] There is significant amounts of money that should be devoted to pay creditors of Debtors rather than to permit them to live in million dollar residence.

Further, the loan modification on their luxury vehicle is also not reasonable and necessary. The Debtors are proposing to pay the under secured creditor over $15,000 than what

---

[1] The Clark County Nevada local standards for housing and utilities for a household of two is $2,032. See http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Nevada---Local-Standards:-Housing-and-Utilities

- 5 -

the luxury vehicle is worth.[2] The unsecured portion of the lender should not be permitted to use its collateral to obtain payment of its unsecured portion of its debt.

The Debtors' Motion presents no reason why Debtors need to retain such expensive assets to the detriment of their creditors. Accordingly, the Motion should be denied.

### B. Debtors' Budget Reflected on Schedule J Does Not Indicate That Debtor Can Comply with the Proposed Modifications

Federal Rule Bankruptcy Procedure 1007 requires a debtor to file (among other documents) lists, schedules, statements. The purpose of schedules is to provide a detailed and complete picture of the debtor's finances in a uniform manner that facilitates administration of the case. *Cusano v. Klein*, 264 F. 3d 936 (9th Cir. 2001). Federal Rule Bankruptcy Procedure 1007(h) requires the debtor to promptly file supplemental schedules. The Motion presents monthly payments that are not reflected on Schedule J. Further, the Motion references income from the Pepper Property, yet the income is not identified. The Debtor has not provided full disclosure of his income and expenses. Accordingly the Court should deny the Motion.

### C. Debtors' Expenses Should Comport with the IRS Local Standards

Section 1129(a)(15) incorporates Section 1325(b)(2). This provision generally defines disposable income as current monthly income received by the debtor less amounts reasonably necessary to be expended. To determine reasonable necessary expenses Section 1325(b)(3) incorporate the means test under Section 707(b)(2). Debtors disposable income should be determined by the means test, which in this case, does not permit Debtors to retain such expensive assets sought to be retained by the motion. Accordingly, the Motion should be denied.

### D. Debtors' Motion Contains No Authorities Permitting it to Modify the Loans.

Debtors' Motion should be denied because there are no legal authorities permitting it to

---

[2] The Motion also does not address Section 524(c) and whether the debt is being reaffirmed for the underwater luxury vehicle.

modify the loans. The Debtors appear to be attempting to raise Section 1129(a)(15) confirmation issues outside of a proposed plan and should not be permitted to bind Creditors outside of a plan.

E. **Debtor's Motion Is Not Supported By Evidence**

The Motion should be denied because there is no evidence supporting the requested relief.

## CONCLUSION

Based upon the foregoing, Creditor requests this Court to deny Debtors' Motion.

DATED this ____ day of July, 2014.

HUTCHISON & STEFFEN, LLC

_____
Todd L. Moody (5430)
Richard L. Doxey (9005)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

*Attorneys for Creditors*
*Resort Holdings 3, LLC*