Todd L. Moody (5430)
Richard L. Doxey (9005)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Tel. (702) 385-2500
Fax (702) 385-2086
rdoxey@hutchlegal.com

*Attorneys for Creditors*
*Resort Holdings 3, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: 14-10723-abl |
| | CHAPTER 11 |
| REZA ATHARI and FATANEH R. ATHARI | |
| | Date: August 6, 2014 |
| Debtors. | Time: 1:30 p.m. |

### OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION AND JOINT ADMINISTRATION OF ASSOCIATED CHAPTER ELEVEN CASES

Resort Holdings 3, LLC ("Creditor"), by and through counsel Hutchison & Steffen, LLC, opposes Debtors' Motion for Substantive Consolidation and Joint Administration of Associated Chapter Eleven Cases. The opposition is based upon the pleadings and records on file herein, the attached memorandum of points and authorities, and any oral argument requested by this honorable court.

DATED this ___ day of July, 2014.

HUTCHISON & STEFFEN, LLC

/s/ Todd L. Moody

Todd L. Moody (5430)
Richard L. Doxey (9005)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

*Attorneys for Creditors*
*Resort Holdings 3, LLC*

## I. Introduction

Debtors' motion seeks relief that is mutually exclusive of each other thereby negating and confusing the requested relief. As set forth below, substantive consolidation is different than joint administration and cannot co-exist as requested by Debtors.

### 1. Substantive Consolidation

The equitable doctrine of substantive consolidation permits a Bankruptcy Court to merge assets and liabilities of separate, but related, debtor (and non-debtor) entities and treat the combined assets and liabilities as if they belong to a single entity. *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). The doctrine "enables a bankruptcy court to disregard corporate entities ... in order to reach assets for the satisfaction of debts of a related corporation." *Id.* "[S]ubstantive consolidation emanates from the core of bankruptcy jurisprudence" as opposed to any specific statutory guidelines. *Id.* at 764.

The core purpose of substantive consolidation is to "ensure the equitable treatment of all creditors." *Bonham*, 229 F.3d at 764. Upon consolidation, assets of the consolidated debtor entities create a single fund from which all claims against the consolidated debtors are satisfied; duplicate and inter-company claims are extinguished; and the creditors of the consolidated entities are combined for purposes of voting on reorganization plans. *Id.*, 229 F. 3d at 764. One of the goals of substantive consolidation is to provide a mechanism to counteract the debtor's ability to fraudulently control or manipulate the manner in which assets are distributed. *See, id.* ("Without the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity.") Indeed, substantive consolidation has been found appropriate where, absent consolidation, "a debtor would be allowed to retain his discharge and keep enjoying his assets while his creditors would walk away with nothing." *In re Lahijani*, 2005 WL 4658490, *10, 55 Collier Bankr.Case.2d 495 (Bkrtcy.C.D.Cal. 2005).

In determining whether to order substantive consolidation, courts should consider the effect of consolidation on the creditor pool, and the expense and difficulty of sorting out the debtors' records. *See, Bonham*, 229 F.3d at 764. No cost-benefit analysis is required to order

substantive consolidation; rather, an analysis of whether to substantively consolidate debtors should be premised on the goal of the doctrine – namely, "fairness to all creditors." *See, id.,* 299 F.3d at 767, fn. 12. Where the separate existence of two companies is a mere fiction, substantive consolidation "simply recognizes the existing reality that there were no intercompany claims, that all property was held in a single entity." 2 *Collier on Bankruptcy* § 105.09[3] (15th Ed.). Additionally, it has been found that "[t]he language 'benefit of all creditors' does not mean each and every creditor. Rather, it means benefit to the creditor body as a whole." *In re Stayton Assisted Living, LLC,* 2009 WL 5173512 (D.Ore. 2009).

While a case-by-case analysis is necessary, in the Ninth Circuit, substantive consolidation is appropriate where the evidence demonstrates that *either*: (1) the "creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit"; *or* (2) "the affairs of the debtors are so entangled that consolidation will benefit all creditors." *In re Bonham,* 229 F.3d at 765. Both factors are not required; rather, only one element needs to be satisfied to justify substantive consolidation. *See, id.*

The first *Bonham* element relates to the expectation that potential creditors will structure loans based on their knowledge regarding the borrower. *See, Bonham,* 229 F.3d at 766. Put differently, that a creditor is relying on the separate credit of the borrower entity and does not anticipate "having the assets of a more sound company available in the case of insolvency...." *Id.,* at 766 (quoting *In re Augie/Restivo,* 860 F.2d 515, 518-519). Where a lender does not rely on the separate identity of a debtor in extending credit, and instead deals with a debtor group as a single economic unit, substantive consolidation is appropriate. *Id.,* at 766-767 (finding that substantive consolidation was appropriate where there was no clear demarcation among the debtor entities, and that the owner of such entities often commingled the assets and names of the debtor entities).

Under the second element of the *Bonham* test, substantive consolidation is justified where *either*: (a) the time and expense necessary to try to unscramble the debtor's affairs is "so substantial as to threaten the realization of any net assets for all the creditors" *or* (b) "where no accurate identification and allocation of assets is possible." *Bonham,* 229 F.3d at 766. However, even where "[the] debtors are not entangled in the records sense," substantive consolidation may still be

- 3 -

appropriate in a case involving numerous inter-entity debts because the effect and validity of the intercompany debts will not have to be sorted out by the parties or court. *See, In re Standard Brands Paint. Co.*, 154 B.R. 563, 572 (Bankr. C.D.Cal. 1993). For the reasons set forth below, substantive consolidation is necessary and appropriate in this case under both *Bonham* factors.

Here, Debtors' Motion contains no analysis of the *Bonham* factors that merit substantive consolidation. It appears Debtors' believe the substantive consolidation is the same as joint administration, but it is not. Advisory Committee Notes subdivision (b) of Rule 1015 provides that consolidation, as opposed to joint administration, is neither authorized nor prohibited by Rule 1015 since the propriety of consolidation depends on substantive consideration and affects the substantive rights of the creditors of the different estates. Debtors have failed to present any argument or evidence that supports the Court granting substantive consolidation. Accordingly, the request for substantive consolidation should be denied.

### 2. Any Order of Joint Administration Should Protect the Creditors

Pursuant to Rule 1015, prior to entering an order for joint administration, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. The Debtors' bankruptcy case is an individual Chapter 11 case whereas Case No. 14-10724 is a business chapter 11 case. Requirements for confirmation of a individual debtor Chapter 11 case are different than an entity Chapter 11 case. See Section 1129(a)(15). If the Court grants joint administration the Court should protect the creditors by entitling them to the protections established for creditors in Chapter 11 debtor cases. The Debtors should still have to provide separate disclosure statements and plans. The Debtors should be required to address the individual debtors requests and business debtor requests with separate analysis and requested relief. The Debtors should still be required to file separate operating reports. At this juncture, joint administration (if granted) should be limited to administrative matters that may aid in rendering the process less expensive and creditor's substantive rights should not be compromised by joint administration.

/ / / /

/ / / /

/ / / /

## CONCLUSION

Based upon the foregoing, Creditor requests this Court to deny Debtors' Motion.

DATED this ___ day of July, 2014.

HUTCHISON & STEFFEN, LLC

_____
Todd L. Moody (5430)
Richard L. Doxey (9005)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

*Attorneys for Creditors*
*Resort Holdings 3, LLC*

- 5 -