Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Emelia L. Allen, Esq.
Nevada Bar No. 11898
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-10723-ABL |
| | ) | |
| Reza Athari and Fataneh R. Athari, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtors. | ) | Hearing Date:  September 17, 2014 |
| | ) | Hearing Time:  1:30 p.m. |

**APPLICATION FOR THE ENTRY OF AN ORDER UNDER 11 U.S.C.
§§ 327(a), 328, 329 AND 331 AND FED R. BANKR. P. 2014 AND 2016
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
THE SCHWARTZ LAW FIRM, INC. AS ATTORNEYS FOR THE
DEBTORS-IN-POSSESSION NUNC PRO TUNC TO AUGUST 7, 2014**

The above-captioned debtors and debtors-in-possession (the "**Debtor**") hereby apply to this Court (the "**Application**") for the entry of an order pursuant to 11 U.S.C. §§ 327(a), 328, 329 and 331, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the employment and retention of The Schwartz Law Firm, Inc. ("**SLF**") as counsel for the Debtors, *nunc pro tunc* to August 7, 2014.  In support of this Application, the Debtors rely on the Declaration and Statement of Mr. Samuel A. Schwartz, Esq., which is attached hereto as **Exhibit A** (the "**Schwartz Declaration**").  In further support of this Application, the Debtors respectfully represent as follows:

1

**Jurisdiction**

1. This Court has jurisdiction over this Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 327(a), 328, 329 and 331 of the United States Bankruptcy Code, and Bankruptcy Rules 2014 and 2016.

**Background**

3. On February 3, 2014 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "**Bankruptcy Code**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their property as debtors-in-possession.

4. Neither an examiner nor a committee has been appointed in this case.

5. On February 10, 2014, the Debtors filed an Application to Employ Mark B. Pyper as Debtor's Counsel. Docket No. 10. The Debtors now wish to employ SLF as their counsel in this matter.

**Relief Requested**

6. By this Application, the Debtors seek the entry of an order, pursuant to sections 327(a), 328, 329 and 331 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, authorizing the employment and retention of SLF, as of August 7, 2014, to represent the Debtors as their bankruptcy counsel in connection with the filing of their Chapter 11 petition and the prosecution of their Chapter 11 case according to the terms and conditions of the

2

retention agreement dated August 7, 2014, a copy of which is attached hereto as **Exhibit B** (the "**Engagement Agreement**").

### Basis for Relief

7. On August 7, 2014, subsequent to commencement of this Chapter 11 case, the Debtors sought the services of SLF with respect to, among other things, advice regarding restructuring matters in general and the prosecution of their Chapter 11 case. The Debtors believe that representation by SLF is important to the Debtors' efforts to restructure their business because SLF is familiar with the Debtors' business and legal and financial affairs and, accordingly, is well-suited to guide the Debtors through the Chapter 11 process.

8. The Debtors selected SLF as its attorneys because of the firm's experience with, and knowledge of, the Debtors and their business, as well as its experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Indeed, the Debtors submit that representation of the Debtors by SLF is critical to the success of the Debtors' reorganization because SLF is uniquely familiar with the Debtors' business and legal affairs. The Debtors desire to employ SLF under a general retainer because of the extensive legal services that will be required in connection with the Debtors' Chapter 11 case and the firm's familiarity with the Debtor's business.

### Services to be Rendered

9. The services of attorneys under a general retainer are necessary to enable the Debtors to execute faithfully their duties as debtors-in-possession. Subject to further order of this Court, SLF will render various services to the Debtors including, among others, the following:

3

a. advise the Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their business and property;

b. attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the Chapter 11 case, including all of the legal and administrative requirements of operating in Chapter 11;

c. take all necessary action to protect and preserve the Debtors' estate, including the prosecution of actions on their behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the estate;

d. prepare on behalf of the Debtors all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

e. negotiate and prepare on the Debtors' behalf plan(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and take any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

f. advise the Debtors in connection with any sale of assets;

g. appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtors' estate before such courts and the U.S. Trustee; and

h. perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with their Chapter 11 case.

10. It is necessary and essential that the Debtors, as debtors-in-possession, employ attorneys under a general retainer to render the foregoing professional services. SLF has indicated a willingness to act on behalf of, and render such services to, the Debtors.

### **Disinterestedness of Professionals**

11. To the best of the Debtors' knowledge and except as provided in the Schwartz Declaration, the attorneys of SLF: (a) do not have any connection with the Debtors, their

4

affiliates, their creditors, the United States Trustee or any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants, except as otherwise set forth herein and in the accompanying Schwartz Declaration; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the estates.

12. Specifically, except as otherwise set forth in the Schwartz Declaration, if at all:

   a. Neither SLF nor any attorney at the firm holds or represents an interest adverse to the Debtors' estate;

   b. Neither SLF nor any attorney at the firm is or was a creditor, an equity holder or an insider of the Debtors, except that SLF previously rendered legal services to the Debtors for which it has been compensated as disclosed below;

   c. Neither SLF nor any attorney at the firm is or was, within two (2) years before the Petition Date, a director, officer or employee of the Debtors;

   d. SLF does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors; and

   e. No attorney at SLF is related to any United States District Judge or United States Bankruptcy Judge for the District of Nevada or to the United States Trustee for such district or to any known employee in the office thereof.

13. In view of the foregoing, the Debtors believe that SLF is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

**Professional Compensation**

**Approval of the Retainer**

14. As more fully described in the Engagement Agreement, the Debtors retained SLF to, among other things, advise them regarding its financial and operational restructuring

5

efforts and to represent the Debtors as debtors-in-possession if a Chapter 11 case were commenced. The Engagement Agreement provided for the implementation of a retainer program pursuant to which the Debtor paid a total retainer of twenty thousand dollars ($20,000.00) to SLF for professional services rendered, to be rendered, and charges and disbursements incurred by SLF on behalf of the Debtors in connection with those services described in the Engagement Agreement (the "**Retainer**").

15. Although the Retainer is held in trust until this Court approves the fees and costs incurred by SLF in this case, by this Application, SLF also seeks court approval of the Retainer, as it was paid to SLF post-petition. Section 328(a) of the Bankruptcy Code grants bankruptcy courts the authority to employ professionals "on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Moreover, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals ruled in In re Knudsen Corporation that the following factors are determinative as to whether a post-petition retainer is appropriate:

    a.    The case is an usually large one in which an exceptionally large amount of fees accrue each month;

    b.    The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

    c.    The court is satisfied that counsel can respond to any subsequent court disallowance of the fees already paid; and

    d.    The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

In Re Knudsen Corporation, 84 B.R. 668 (9th Cir. BAP 1988). Here, all four factors are present and accordingly, this Court should approve the post-petition retainer.

**a. The case is an usually large one in which an exceptionally large amount of fees accrue each month.**

16. In this chapter 11 bankruptcy case, the secured and unsecured debt totals nearly $6 million. Importantly, the Debtors also are parties to an affiliated pending Chapter 11 case, <u>In re Reza Athari & Associates, P.L.L.C.</u>, Case No. 14-10724-ABL, which involves the Debtors' law practice. As a result, there are several active creditors in this case, and the Debtors and their counsel have the task of negotiating with several parties.

17. In addition, due to the numerous motions and other court documents that must be filed in this case, coupled with to the numerous creditor involvement, the fees involved in this case are significant. For instance, the last several individual chapter 11 cases that SLF obtained approval from this Court, the total amount of fees for the entire chapter 11 case totaled between $30,000.00 and $35,000.00. As evidenced by the amount of creditor activity in this case and the numerous pending motions, SLF expects its fees in this case to be significant, and much more than its other individual cases. In sum, this case is extensive, complex and labor intensive.

**b. Waiting an extended period for payment would place an undue hardship on counsel.**

18. As indicated above and with the numerous creditor activity in this case, SLF expects to incur significant legal fees in the first few months of this case alone. Indeed, reviewing and responding to the various pending motions will cause SLF to extend significant amounts of time and energy to this case. Waiting for approval of fees for any additional extended period of time would effectively cause SLF to finance this case, and incur significant legal costs which it should not bear.

7

    **c. SLF can respond to any subsequent court disallowance of the fees already paid.**

19. As stated above and as has been done on all other SLF cases, SLF will keep the Retainer in the Debtors' trust account until its fee applications are filed, an opportunity for objection is provided, the court reviews the application and holds a hearing on the same. Thus, in the event that any of the fees are disallowed by the court, SLF will not release any disallowed fees from the Debtors' trust account.

20. Moreover, until its fees are approved on a final basis, SLF maintains a 10% holdback. Thus, adequate safeguards are in place in the event of any subsequent court disallowance of the fees already paid.

    **d. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.**

21. As indicated above, the post-petition retainer paid to SLF will remain in the Debtors' trust account with SLF until SLF files its interim fee applications, notices a hearing on the same, and obtains this Court's approval of such fees and expenses.

22. Accordingly, before any fees are released from the Debtors' trust account, a proper fee application will be submitted, an appropriate objection period will be provided, and a hearing will be held. Therefore, the circumstances of these cases and the factors outlined above warrant the approval of the post-petition retainer paid to SLF.

**Application of the Retainer**

23. Pursuant to the Engagement Agreement, SLF will retain the Retainer to be applied to any fees, charges and disbursements which remain unpaid at the end of this Chapter 11 case on the Debtors' behalf that are allowed by the Court.

8

24.     Pursuant to the Engagement Agreement, SLF provides the Debtors with periodic statements for services rendered and charges and disbursements incurred. During the course of the reorganization, the issuance of periodic statements shall constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of the representation.

25.     For professional services, SLF's fees are based in part on its guideline hourly rates, which are periodically adjusted.  As of January 1, 2014, and as set forth in the Agreement, the hourly rates under the bundled rate structure for the engagement range from $260.00 - $550.00 for attorneys and $75.00 - $205.00 for legal assistants and support staff. The hourly rates are subject to periodic increases in the normal course of the firm's business, often due to the increased experience of the particular professional.

26.     The hourly rates set forth above are the firm's standard bundled hourly rates for work of this nature.  These rates are set at a level designed to compensate SLF fairly for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses, including those items billed separately to other clients under the firm's standard unbundled rate structure. Consistent with the firm's policy with respect to its other clients, SLF will continue to charge the Debtors for all other services. These charges and disbursements include, among other things, costs for telephone charges, photocopying (at a reduced rate of $0.15 cents per page for black and white copies and a higher commensurate charge for color copies), travel, business meals (but not overtime meals), computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings. Certain charges are not separately charged for under the bundled rate structure as described above.

27. SLF has agreed to accept as compensation such sums as maybe allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

28. In accordance with the terms of the Engagement Agreement, the Debtors seek approval of the fee structure described herein pursuant to section 328 of the Bankruptcy Code. That section provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." Section 328(a) of the Bankruptcy Code.

29. Section 328(a) therefore permits the Court to approve the fee structure proposed in the Engagement Agreement in connection with the Debtors' retention of SLF. This fee structure is reasonable based on the customary compensation charged by comparably skilled practitioners in cases outside of Chapter 11, as well as cases under Chapter 11, and has been approved and implemented in other Chapter 11 cases.

30. Other than as set forth above, no arrangement is proposed between the Debtors and SLF for compensation to be paid in this case. SLF has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**Fee Applications**

31. SLF intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this Chapter 11

10

case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. SLF will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in this case at the then-current standard bundled rate charged for such services on a non-bankruptcy matter on a monthly or bi-monthly basis, pursuant to Section 331 of the Bankruptcy Code. SLF requests that the court approve notice of its interim fee applications to only the Debtors, the Office of the United States Trustee, any committee of unsecured creditors appointed in this case and those creditors requesting notice in this case to avoid the waste of estate resources. SLF's final fee application will be sent to all creditors. SLF will also seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in this case at the then-current standard bundled rate charged for such services on a non-bankruptcy matter.

32. The Debtors submit that the appointment of SLF on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors and all parties-in-interest.

## **Notice**

33. SLF will provide notice of this Application by regular mail and, when possible, electronic mail or facsimile to: (a) the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; and (c) certain governmental agencies including the Internal Revenue Service, the United States Attorney's Office, the Clark County Assessor, the Clark County Treasurer and the Nevada Department of Taxation. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

34. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) authorizing the Debtors to employ and retain SLF as its attorneys, as of August 7, 2014, according to the terms and conditions set forth in this Application and the Engagement Agreement; (ii) authorize the filing and approval of SLF's fee applications, on a monthly interim basis, subject to a ten percent (10%) holdback pending final approval of the firm's fees; and (iii) granting such other and further relief as is just and proper, as set forth in the order attached hereto as **Exhibit C**.

Dated: August 13, 2014

/s/Samuel A. Schwartz_____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Emelia L. Allen, Esq.
Nevada Bar No. 11898
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Proposed Attorneys for the Debtors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on August 13, 2014 to the following:

MARILYN A. CASTON on behalf of Debtor REZA ATHARI
mckinneylaw3@gmail.com, hsteward@bourassalawgroup.com

MARILYN A. CASTON on behalf of Joint Debtor FATANEH R. ATHARI
mckinneylaw3@gmail.com, hsteward@bourassalawgroup.com

GARY L. COMPTON on behalf of Creditor BOULDER DAM CREDIT UNION
bkc@comptonlaw.org

RICHARD L. DOXEY on behalf of Creditor Resort Holdings 3, LLC
rdoxey@hutchlegal.com, fghadiri@hutchlegal.com

MARK B. PYPER on behalf of Debtor REZA ATHARI
pyperlaw@aol.com

MARK B. PYPER on behalf of Joint Debtor FATANEH R. ATHARI
pyperlaw@aol.com

SETH L RESZKO on behalf of Debtor REZA ATHARI
sethreszko@atharilaw.com, rezaathari@atharilaw.com

SETH L RESZKO on behalf of Joint Debtor FATANEH R. ATHARI
sethreszko@atharilaw.com, rezaathari@atharilaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JOSEPH G WENT on behalf of Creditor MUTUAL OF OMAHA BANK
JGWent@hollandhart.com, algrangaard@hollandhart.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Postal Regular mail on August 13, 2014 to the following:

| | |
|---|---|
| United States Trustee | Dept of Employment, Training and Rehab |
| 300 Las Vegas Blvd. South #4300 | Employment Security Division |
| Las Vegas, NV 89101 | 500 East Third Street |
| | Carson City, NV 89713 |

| | |
|---|---|
| Nevada Dept of Taxation, BK Section<br>555 E. Washington Ave. #1300<br>Las Vegas, NV 89101 | Bank of America<br>PO Box 851001<br>Dallas, TX 75285 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | CBS Outdoor<br>185 U.S. Hwy 46<br>Fairfield, NJ 07004 |
| Clark County Assessor<br>c/o Bankruptcy Clerk<br>500 S Grand Central Pkwy<br>Box 551401<br>Las Vegas, NV 89155-1401 | Chevron<br>P O Box 530950<br>Atlanta, GA 30353-0950 |
| Clark County Treasurer<br>c/o Bankruptcy Clerk<br>500 S Grand Central Parkway<br>PO Box 551220<br>Las Vegas, NV 89155-1220 | Citibank<br>Processing Center<br>Des Moines, IA 50363-0005 |
| | Citibank Thank You Preferred Card<br>PO Box 6004<br>Sioux Falls, SD 57117-6004 |
| State of Nevada Dept. of Motor Vehicles<br>Attn: Legal Division<br>555 Wright Way<br>Carson City, NV 89711 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Citibank<br>Processing Center<br>PO BOX 6004<br>Sioux Falls, SD 57117-6500 | Marriott Reward VISA<br>PO Box 15548<br>Wilmington, DE 19850 |
| American Express Bank, FSB<br>Becket and Lee LLP<br>Attorneys/Agent for Creditor<br>POB 3001<br>Malvern, PA 19355-0701 | Southest Rapid Rewards Visa<br>P0 Box 94014<br>Palatine, IL 60094-4014 |
| Bank of America<br>PO Box 15796<br>Wilmington, DE 19886-3796 | Time Warner Cable<br>c/o Credit Protection Association<br>P.O. Box 9037<br>Addison, TX 75001 |

/s/  Christy L. Cahall
    Christy L. Cahall