Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

E-filed on August 13, 2014

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

**Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>REZA ATHARI & FATANEH R. ATHARI,<br><br><br>                              Debtors. | Case No: BK-S-14-10723-ABL<br><br>Chapter 11<br><br>Date:   August 27, 2014<br>Time:   1:30 p.m.<br>Place:  ABL-Courtroom 1, Foley Federal Bldg. |

### THE UNITED STATES TRUSTEE'S OPPOSITION TO MOTION FOR SUBSTANTIVE CONSOLIDATION AND JOINT ADMINISTRATION <u>OF ASSOCIATED CHAPTER 11 CASES</u>

To the Honorable AUGUST B. LANDIS, United States Bankruptcy Judge**:**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby brings this opposition ("Opposition") to the Motion for Substantive Consolidation and Joint Administration of Associated Chapter 11 Cases ("Motion") [ECF No. 66], filed by Reza Athari & Fataneh R. Athari ("Debtors") under Chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1532.[1]  The United States Trustee requests that the Court enter an order denying the Motion's requested relief of substantive consolidation because (1) the Motion does not marshal evidence in support of its assertions; and (2) the Motion does not satisfy the Ninth Circuit standard for substantive consolidation, as set forth in *Alexander v. Compton (In re Bonham)*, 229 F.3d 750 (9th Cir. 2000).  The Motion therefore fails as both a matter of fact and as a matter of law.

In addition, the Motion also appears to misstate applicable law regarding Debtors' duty to file operating reports and duty to pay U.S. Trustee fees under 28 U.S.C. 1930(a)(6), and the United States Trustee wishes to address this apparent misstatement.  Nevertheless, the United States Trustee does not oppose joint administration of the above-captioned case with case *In re Reza Athari & Associates, P.L.L.C.*, BK-S-14-10724-ABL.  The points and authorities set forth below are therefore tailored specifically to the United States Trustee's opposition to Debtors' request for substantive consolidation.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS

1. On February 3, 2014, Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  [ECF No. 1].  On that same date, related debtor Reza Athari & Associates, P.L.L.C. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  [ECF No.1 of Case No. BK-S-14-10724-ABL ("Associates Case")].

2. On June 30, 2014, Debtors filed the Motion.  [ECF No. 66].

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et. seq., unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "ECF No." are to the numbers assigned to documents as they appear on the ECF maintained by the clerk of the United States Bankruptcy Court for the District of Nevada.

3. On July 8, 2014, creditor Resort Holdings 3, LLC filed an opposition to the Motion. [ECF No. 71].

ARGUMENT

4. In the Ninth Circuit, "resort to consolidation . . . should not be Pavlovian, but as almost every other court has noted, should be used sparingly." *Bonham*, 229 F.3d at 767. Substantive consolidation is a remedy that is "extreme . . . and imprecise," a "'rough justice' remedy [that] should be rare and, in any event, one of last resort after considering and rejecting other remedies." *See In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2005) (quotations and citations omitted). Additional caution is warranted where, as here, a creditor expressly opposes substantive consolidation. [ECF No. 71]. *See Bonham*, 229 F.3d at 764 ("The primary purpose of substantive consolidation is to ensure the equitable treatment of all creditors.").

I. The Court Should Enter an Order Denying the Motion Because it Fails as a Matter of Fact

5. The Motion does not provide any evidence by way of declaration or otherwise in support of its assertions, and it therefore fails as a matter of fact. A failure to proffer "meaningful evidence" is itself sufficient grounds for the Court to deny the Motion. *See In re Owens Corning*, 419 F.3d 195, 215 (3d Cir. 2005) (Without "meaningful evidence supporting . . . substantive consolidation, there is simply not the nearly 'perfect storm' needed to invoke it.").

6. Ultimately, it is Debtors' burden to marshal sufficient evidence in support of its Motion to convince the Court that substantive consolidation is appropriate in this case, and that burden is a heavy one. *See In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994) ("The burden is upon the proponent of . . . consolidation and is exacting"). Because the Motion does not meet this burden, the United States Trustee requests that the Court enter an order denying it.

II. <u>The Court Should Enter an Order Denying the Motion Because it Fails as a Matter of Law</u>

7. In the Ninth Circuit, courts consider two factors in determining the appropriateness of substantive consolidation: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." *Bonham*, 229 F.3d at 766 (quoting *In re Augie/Restivo Banking Co.*, 860 F.2d 518-19 (2d Cir. 1988)). "Consolidation under the second factor . . . is justified only where the time and expense necessary *even to attempt* to unscramble them is so substantial as to threaten the realization of any net assets for all the creditors or where no accurate identification and allocation of assets is possible." (*Id.*) (citations omitted) (emphasis added).

8. Here, as stated above, the Motion has not met its evidentiary burden to satisfy either *Bonham* factor because it has not provided the Court with declarations, affidavits, or other forms of admissible evidence in support thereof. Indeed, the Motion neither cites nor argues the factors set forth under *Bonham*. Accordingly, the Motion fails as a matter of law and the Court should enter an order denying it.

III. <u>The Motion Apparently Misstates Applicable Law Regarding Debtors' Administrative Duties as Debtors-in-Possession</u>

9. Finally, the United States Trustee wishes to address the Motion's apparent misstatement of applicable law regarding Debtors' duty to file operating reports and duty to pay U.S. Trustee fees under 28 U.S.C. 1930(a)(6). The Motion states that "joint[ly] administering these related cases" would allow for "[c]onsolidated monthly operating reports [to] further administer the economy and efficiency of the cases." [ECF No. 66 at 4 of 6, lns. 10-12]. The Motion also asserts that joint administration of the above-captioned case with the

Associates Case would "prevent duplication of . . . unnecessary fees both on the part of the Debtors and on the part of the United States Trustee." [ECF No. 66 at 4 of 6, lns. 7-9].

10. Although the meaning of these assertions is not made entirely clear in the Motion, the assertions appear to suggest that joint administration would relieve either the Debtors or the debtor in the Associates Case from filing operating reports and from paying U.S. Trustee fees required by 28 U.S.C. 1930(a)(6). If that is what is meant by the assertions, they are wrong.

11. First, joint administration of this case with the Associates Case would not relieve the debtors in either case of their obligation to file separate operating reports. Section 704(a)(8), made applicable here by Sections 1106(a)(1) and 1107(a), requires *each* debtor in Chapter 11 to "file with the court [and] with the United States trustee . . . periodic reports and summaries . . . including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires." 11 U.S.C. § 704(a)(8). *See In re Sydnor*, 431 B.R. 584, 592 n.11 (Bankr. D. Md. 2010) ("Monthly operating reports are required by Sections 1107(a), 1106(a)(1), and 704(a)(8) [of the Bankruptcy Code].").[2] Joint administration does not alleviate a Chapter 11 debtor of this duty.

12. Second, joint administration of this case with the Associates Case would not relieve the debtors in either case of their obligation to pay U.S. Trustee fees. *See Genesis*

---

[2] The applicable United States Trustee Guidelines ("Guidelines") provide that each Chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." See *Region 17: United States Trustee Guidelines*, available at http://www.justice.gov/ust/r17/docs/general/guidelines.htm (last viewed August 13, 2014). The Guidelines also provide that operating reports are due "on or before the 20th day of the month immediately following the month described in the report." *See Id. See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill.").

*Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 423 (3d Cir. 2005) (holding that in jointly administered Chapter 11 cases of roughly 350 debtors, each debtor was required to pay its own quarterly fee to the United States Trustee because "Section 1930(a)(6) provides that 'a quarterly fee shall be paid to the United States trustee . . . *in each case* under chapter 11 of title 11'. . . [and] [i]t is clear from this language that each Debtor in its respective Chapter 11 case is required to pay its own quarterly fee") (emphasis in original). Each debtor in a Chapter 11 case has a duty to pay U.S. Trustee fees required under 28 U.S.C. § 1930(a)(6), regardless of whether the case is jointly administered with another case or cases. Accordingly, the joint administration of this case with the Associates case will not alleviate any of the relevant debtors of their duty to pay U.S. Trustee fees.

**WHEREFORE**, for the foregoing reasons the United States Trustee respectfully requests that the Court enter an order denying the Motion.

Dated: August 13, 2014

                                                  Respectfully submitted,

                                                  TRACY HOPE DAVIS
                                                  UNITED STATES TRUSTEE

                                                  By:  */s/ Jonas V. Anderson*
                                                  Jonas V. Anderson, Esq.
                                                  Attorney for the United States Trustee
                                                  United States Department of Justice

                                                  300 Las Vegas Blvd. South, Suite 4300
                                                  Las Vegas, Nevada  89101
                                                  Telephone:  (702) 388-6600, Ext. 227