Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtors

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 14-10723-ABL |
| | ) | |
| Reza Athari and Fataneh R. Athari, | ) | Chapter 11 |
| | ) | |
| | ) | Hearing Date: |
| Debtors. | ) | Hearing Time: |
| | ) | |

## DEBTORS' OBJECTION TO ALLOWANCE OF PROOF OF CLAIM OF RESORT HOLDINGS 3, LLC IN EXCESS OF BANKRUPTCY CODE SECTION 502(b)(6) CAP

**TO CREDITOR:**        RESORT HOLDINGS 3, LLC
                              c/o Richard L. Doxey, Esq.
                              Todd L. Moody, Esq.
                              Hutchison & Steffen, LLC
                              10080 W. Alta Drive, Suite 200
                              Las Vegas, Nevada 89145
                              Attorneys for Resort Holdings 3, LLC

**REGARDING CLAIM:**        Claim No. 9-1, Claim Amount: $662,529.25

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in this Chapter 11 case, in support of this Objection (the "**Objection**") to Allowance of Proof of Claim of Resort Holdings 3, LLC ("**Resort Holdings**") in Excess of Bankruptcy Code Section 502(b)(6) Cap, respectfully state as follows:

### Jurisdiction

1.        This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).  Venue

1

is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought by this Objection is predicated upon sections 502, 1106(a) and 1107(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq.* (the "**Bankruptcy Code**"), as complemented by Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

3.      On February 3, 2014, the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors-in-possession.

4.      On June 4, 2014, Resort Holdings filed proof of claim no. 9-1 (the "**Claim**") in the Debtors' bankruptcy case, alleging a claim amount of $662,529.25 due to payments due on a lease and guaranty of a lease.  See Claim No. 9-1, Case No. 14-10723-ABL.

5.      The Claim relates to certain leases between Resort Holdings, as landlord, and Debtor Reza Athari, as tenant, for the lease of certain premises in the Pacific Business Park Shopping Center located at 6235 S. Pecos Road, Las Vegas, Nevada.

**Relief Requested**

6.      The Debtors reviewed the Claim filed in this case, the official register of claims maintained by the court, the Schedules, and the Debtors' related books and records.  By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b)(6), 1106(a) and 1107(a) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 reducing the Claim to 15% of the claimed amount, or $99,379.39.  The basis for such relief is set forth below.

**Objection to Claim**

7.      The Court should only allow the Resort Holdings Claim in the amount of

$99,379.39, which is 15% of the Claim.  Section 502(b)(6) is straightforward, and governs allowed claims with respect to leases and claims of landlords for damages resulting from the termination of a lease of real property.  Specifically, Section 502(b)(6) allows a claim except to the extent that:

> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
>
> (A)  the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed 3 years, of the remaining term of such lease, following the earlier of—
>
> (i) the date of the filing of the petition; and
>
> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such date.

11 U.S.C. § 502(b)(6).

8.    Importantly, "15 percent" is calculated based on the "total rents due under the lease, through the expiration date of the lease."  In re Andover Togs, Inc., 231 B.R. 521, 547 (Bankr. S.D.N.Y. 1999).  Furthermore, "[t]he cap is designed to prevent a landlord's single unsecured claim—which, depending on the length of the lease, may be enormous—to elbow aside the other unsecured creditors."  Id. at 544, citing Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 26 (2nd Cir. 1996).

9.    Simply put, Section 502(b)(6) allows a claim of a landlord for unpaid rent due under a lease only in an amount equal to: (i) one year's rent; or (ii) 15% of three years' rent. Here, although Resort Holdings provided no detailed calculation of its claim amount, it appears that Resort Holdings submitted a claim for the entire amount due under the leases for the remaining terms.

10. Therefore, in accordance with Section 502(b)(6) of the Bankruptcy Code, Resort Holdings' Claim should be reduced significantly, and only allowed up to 15% of the rent due under the remaining lease term. Accordingly, 15% of the Claim should be allowed, thereby reducing the Claim from $662,529.25 to $99,379.39.

### Reservation of Rights

11. The Debtors reserve the right to supplement this Objection and to object to the Claim on any grounds not stated herein. In addition, the Debtors reserve the right to object to all other claims filed in the Debtors' cases, including any other claims asserted by the holders of the claims.

12. No other or prior request for the relief sought herein has been made to this Court or any other court.

### Conclusion

Wherefore, the Debtor respectfully requests that the Court (i) reduce Resort Holdings' Claim as set forth herein; and (ii) grant such other relief as the Court deems just and proper.

Dated this 2nd day of September, 2014.

Respectfully Submitted,

/s/Samuel A. Schwartz_____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Proposed Attorneys for the Debtors

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent on September 2, 2014, via the Electronic Court's CM/ECF system to the following:

JONAS V. ANDERSON on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
jonas.v.anderson@usdoj.gov

GARY L. COMPTON on behalf of Creditor BOULDER DAM CREDIT UNION
bkc@comptonlaw.org

RICHARD L. DOXEY on behalf of Creditor Resort Holdings 3, LLC
rdoxey@hutchlegal.com, ssell@hutchlegal.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JOSEPH G WENT on behalf of Creditor MUTUAL OF OMAHA BANK
JGWent@hollandhart.com, algrangaard@hollandhart.com

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. MAIL on September 2, 2014 to the following:

RESORT HOLDINGS 3, LLC
c/o Richard L. Doxey, Esq.
Todd L. Moody, Esq.
Hutchison & Steffen, LLC
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Attorneys for Resort Holdings 3, LLC

/s/ Christy Cahall
Christy Cahall