1  Todd L. Moody (5430)
   Richard L. Doxey (9005)
2  HUTCHISON & STEFFEN, LLC
   Peccole Professional Park
3  10080 West Alta Drive, Suite 200
   Las Vegas, Nevada 89145
4  Tel. (702) 385-2500
   Fax (702) 385-2086
5  rdoxey@hutchlegal.com

6  *Attorneys for Creditors*
   *Resort Holdings 3, LLC*

7

8              **UNITED STATES BANKRUPTCY COURT**

9                      **DISTRICT OF NEVADA**

10 In re:                          )   CASE NO.: 14-10723-abl
                                    )   CHAPTER 11
11                                  )
   REZA ATHARI and FATANEH R. ATHARI )
12                                  )   Date: October 8, 2014
                Debtors.            )   Time: 1:30 p.m.
13                                  )
                                    )
14 _____)

15   **OPPOSITION TO OBJECTION TO ALLOWANCE OF PROOF OF CLAIM OF**

16                       **RESORT HOLDINGS 3, LLC**

         Resort Holdings 3, LLC ("Creditor"), by and through counsel Hutchison & Steffen,
17
   LLC, opposes Debtors' objection to the allowance of Resort Holdings 3, LLC's Proof of Claim.
18
         The Court should allow Creditor's Proof of Claim because the plain language of
19
   Section 502(b)(6) allows for (1) all of the prepetition unpaid rent due and owing, *in addition to*
20
   (2) a reduced amount of all future rent due under the lease.
21
   / / /
22

23

24 / / /

25

26

27 / / /
28

1    The opposition is based upon the pleadings and records on file herein, the attached

2    memorandum of points and authorities, and any oral argument requested by this honorable

3    court.

4    DATED this 23 day of September, 2014.

5

6    HUTCHISON & STEFFEN, LLC

7

8

9    Todd L. Moody (5430)
     Richard L. Doxey (9005)
10   Peccole Professional Park
     10080 West Alta Drive, Suite 200
11   Las Vegas, Nevada 89145

12   *Attorneys for Creditors*
     *Resort Holdings 3, LLC*

13   **I.    Introduction**

14       Debtors' Objection misconstrues and misstates the bankruptcy rule which limits claims

15   based on unpaid rent. Debtors argue that 502(b)(6) allows a claim of a landlord for unpaid rent

16   due under a lease only in an amount equal to 15% of three years' rent due under the remaining

17   lease term. Debtors entirely ignore subsection (B) which provides for all of the unpaid rent due

18   under the lease, without acceleration, on the date of the filing of the petition.

19   **II.    Legal Argument**

20       **A.    Section 502(b)(6) allows for prepetition and postpetition rent.**

21       The crux of Debtors' argument is that 502(b)(6) only allows a maximum of 15% of the

22   rent due under the remaining lease term. (Objection, at 4:1-4.) Debtors entirely disregard the

23   clear language of 502(b)(6)(B) which allows for *all* unpaid rent due and owing at the time of

24   the filing of the petition, in addition to a reduced amount of future rent under the lease.

25       The plain language of Section 502(b)(6) clearly states that Debtor's claim is allowed

26   equal to the full amount of prepetition unpaid rent *and* a reduced amount of postpetition rent:

27       (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such

28       objection to a claim is made, the court, after notice and a hearing, shall determine the

- 2 -

1    amount of such claim in lawful currency of the United States as of the date of the filing

2    of the petition, and shall allow such claim in such amount, except to the extent that –

3    (6) if such claim is the claim of a lessor for damages resulting from the termination of a

4    lease of real property, such claim exceeds –

5    (A) the rent reserved by such lease, without acceleration, for the greater of one year, or

6    15 percent, not to exceed three years, of the remaining term of such lease, following the

7    earlier of –

8           (i) the date of the filing of the petition; and

9           (ii) the date on which such lessor repossessed, or the lessee surrendered, the

10           leased property; **plus**

11    (B) any unpaid rent due under such lease, without acceleration, on the earlier of such

12    dates;

13    11 U.S.C. 502(b)(6) (emphasis added).

14        As the Ninth Circuit Court of Appeals has stated, regarding the original Bankruptcy Act,

15    it allowed "a claim against the bankruptcy estate for back rent to the date of abandonment, *plus*

16    damages no greater than one year of future rent." In re El Toro Materials Co., Inc., 504 F.3d

17    978, 979-80 (9th Cir. 2007) (emphasis added). The Court clearly holds that both pre- and

18    postpetition damages are allowable under 502(b)(6).

19        Other Courts in the Ninth Circuit have accepted this clear interpretation of 502(b)(6).

20    For example, in In re Kupfer, the District Court explained:

21        The amount of the cap is equal to the sum of two kinds of "rent" damages: unpaid
    rent and rent reserved. 11 U.S.C. § 502(b)(6)(A)–(B). Unpaid rent is defined as

22        the rent due at the time of the bankruptcy petition or the property repossession or
    surrender—whichever is earlier—and is claimable in full. 11 U.S.C. §

23        502(b)(6)(B) . . . Because unpaid rent and rent reserved together comprise the total
    claims cap . . . .

24

25    In re Kupfer, 14-CV-00668-WHO, 2014 WL 4244019 (N.D. Cal. Aug. 26, 2014). The Court

26    clearly interpreted 502(b)(6), without any reservation, as allowing both pre- and postpetition

27    unpaid rent as claimable.

    Another Bankruptcy Court, in In re Connectix Corp, illustrated the clear allowance for

28

- 3 -

HUTCHISON & STEFFEN

A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

1   both rent that was due and owing prior to the filing of the petition and future rent that would

2   have become due postpetition:

3   For the reasons explained, EOP's [creditor] allowable claim for future rent
   is equal to the rent that would have become due during fifteen percent of the

4   months remaining under the lease immediately following surrender. The resulting
   number must then be added to EOP's claim for past due rent under § 502(b)(6)(B).

5   According to the Trustee's calculations, which are based on the time approach and
   are not disputed mathematically, this results in a claim for future rent of

6   $1,933,440.47. After adding in the undisputed amount of $161,588.52 attributable
   to unpaid past due rent, EOP's total capped claim under § 502(b)(6) is

7   $2,095,028.99.

8   In re Connectix Corp., 372 B.R. 488, 494 (Bankr. N.D. Cal. 2007). It is clear that these courts

9   applied 502(b)(6) without any difficulty in interpreting it to allow both pre- and postpetition

10  rent.

11  Accordingly, the Court should allow Resort Holdings 3, LLC's claim for $252,247.01 in

12  unpaid rent due and owing at the time of filing the petition, because it is allowable *in full* under

13  502(b)(6). See Declaration of Robert Hasman, attached hereto as Exhibit 1. In addition to this,

14  the Court should allow $199,883.33, which represents the rent reserved under the lease, without

15  acceleration, for one year of the remaining term of the lease. Exhibit 1. Therefore, the Court

16  should allow, pursuant to Section 502(b)(6), a total claim of **$452,130.34**.[1]

17  / / /

18

19

20  / / /

21

22

23  / / /

24

25

26

27  [1] The full amount of Creditor's Proof of Claim is $662,529.25. (Claim 9, filed June 6,

28  2014.)

- 4 -

**III.    Conclusion**

Based upon the foregoing, Creditor respectfully requests that the Court deny Debtors' Objection and approve Creditor's claim in the amount of $452,130.34.

DATED this 23 day of September, 2014.

HUTCHISON & STEFFEN, LLC

Todd L. Moody (5430)
Richard L. Doxey (0005)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145

*Attorneys for Creditors*
*Resort Holdings 3, LLC*

- 5 -